IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RALPH EADS, III, and PRINCESS ALIA, LLC, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-22-4021 |
| SPHERIC ASSURANCE COMPANY, LTD., | § § § § | |
| Defendant. | § § | |

**MEMORANDUM AND OPINION**

This insurance-coverage dispute concerns the *Princess Alia*, a 62-foot, Jamaican-flagged yacht that was lost after catching fire in port at Cabo San Lucas, Mexico. The plaintiffs, both Texas citizens and the insureds under the relevant policy, (Docket Entry No. 5-1), bring claims for breach of contract, bad faith, and unfair settlement practices following Spheric's denial of coverage. (Docket Entry No. 1-1).

Spheric denied coverage because of alleged breaches of the Policy's warranties, which, under the law of the British Virgin Islands, may be sufficient to deny coverage regardless of the relationship between the warranties and the claimed loss. (Docket Entry No. 1-1 ¶¶ 9–12; Docket Entry No. 9 at 2). Texas law, on the other hand, provides that "technical violations of the policy are not a valid basis for denying coverage if the violation did not contribute to causing the loss." (Docket Entry No. 9 at 2 (citing TEX. INS. CODE § 862.054 ("Unless the breach or violation contributed to cause the destruction of the property, a breach or violation by the insured of a warranty, condition, or provision of a fire insurance policy or contract of insurance on personal property, or of an application for the policy or contract: (1) does not render the policy or contract void; and (2) is not a defense to a suit for loss."))).

The Policy covered the *Princess Alia* from October 1, 2021 to October 1, 2022. (Docket Entry No. 5 at 1–2; *see also* Docket Entry No. 5-1). The Policy contains a "Law and Jurisdiction" clause stating that "[t]his Contract shall be governed by and construed in accordance with the laws of the British Virgin Islands and each party agrees to submit to the exclusive jurisdiction of the Courts of the British Virgin Islands." (Docket Entry No. 5-1 at 5 § 10).

Spheric has moved to dismiss on the basis of the Policy's forum-selection clause. (Docket Entry No. 5).[1] After reviewing the parties' extensive briefs, (Docket Entry Nos. 5, 9, 10, 13, 16), and the relevant law, the court grants the motion to dismiss, without prejudice to refiling in the British Virgin Islands. The reasons are explained below.

**I.      Legal Standard**

"[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 60 (2013). Under this doctrine, a "court may, in the exercise of its sound discretion, dismiss the case, even if jurisdiction and proper venue are established." *Am. Dredging Co. v. Miller*, 510 U.S. 443, 448 (1994) (internal quotation marks and citations omitted). Federal law determines whether a forum-selection clause is enforceable. *All. Health Grp., LLC v. Bridging Health Options, LLC*, 553 F.3d 397, 399 (5th Cir. 2008). A forum-selection clause is prima facie valid and enforceable unless the opposing party shows that enforcement would be unreasonable. *Int'l Software Sys., Inc. v. Amplicon, Inc.*, 77 F.3d 112, 114 (5th Cir. 1996); *see also Calix-Chacon v. Global Int'l Marine, Inc.*, 493 F.3d 507, 511 (5th Cir.

---

[1] Spheric also moved to dismiss under Rule 12(b)(5) for insufficient service of process but has since withdrawn that part of its motion. (Docket Entry No. 11).

2007) (a forum-selection clause is not enforceable if it is "fundamentally unfair and therefore unreasonable").

A plaintiff seeking to show that a forum-selection clause is unreasonable must "show that . . . (1) the clause was incorporated into the [Policy] by fraud or overreaching, (2) the selected forum is gravely unfair or inconvenient, (3) the chosen law is so fundamentally unfair as to deprive him of a remedy, or (4) enforcement of the forum-selection clause would contravene a strong public policy of the forum state." *Barnett v. DynCorp Int'l, LLC*, 831 F.3d 296, 304 (5th Cir. 2016). "A chosen forum is not fundamentally unfair merely because its law is less generous than, or because the result might differ from that under, the forum state's law." *Id*. at 308 n.14 (citing *Haynsworth v. The Corp*., 121 F.3d 956, 969 (5th Cir. 1997) ("The view that every foreign forum's remedies must duplicate those available under American law would render all forum selection clauses worthless and would severely hinder Americans' ability to participate in international commerce.")).

While "the enforceability of a forum selection clause in a diversity case . . . is governed by federal law, the clause's interpretation is governed by the law of the forum state." *Dynamic CRM Recruiting Sols., LLC v. UMA Educ., Inc*., 31 F.4th 914, 917–18 (5th Cir. 2022). "Texas courts look to the Restatement (Second) of Conflict of Laws [i]n deciding which state's law should govern the construction of contractual rights." *Fintech Fund, F.L.P. v. Horne*, 836 F. App'x 215, 223 (5th Cir. 2020) (internal quotation marks and citation omitted). The Restatement provides:

> (1) The law of the state chosen by the parties to govern their contractual rights and duties will be applied if the particular issue is one which the parties could have resolved by an explicit provision in their agreement directed to that issue.
>
> (2) The law of the state chosen by the parties to govern their contractual rights and duties will be applied, even if the particular issue is one which the parties could not have resolved by an explicit provision in their agreement directed to that issue, unless either

> (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or
>
> (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.
>
> (3) In the absence of a contrary indication of intention, the reference is to the local law of the state of the chosen law.

RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 187 (1971).

## II.   Analysis

The parties dispute whether the choice-of-law analysis under Texas law results in the application of British Virgin Island law or Texas law to the forum-selection clause. (Docket Entry Nos. 5 at 5; 9 at 5). The plaintiffs do not appear to dispute that British Virgin Island law requires enforcement of the forum-selection clause. The plaintiffs instead argue that the forum-selection clause cannot be enforced because applying British Virgin Island law to the clause would contravene Texas public policy as expressed in a Texas choice-of-law statute.[2] (Docket Entry No. 9 at 5).

The statute the plaintiffs argue should be dispositive is article 21.42 of the Texas Insurance Code:

> Any contract of insurance payable to any citizen or inhabitant of this State by any insurance company or corporation doing business within this State shall be held to be a contract made and entered into under and by virtue of the laws of this State relating to insurance, and governed thereby, notwithstanding such policy or contract of insurance may provide that the contract was executed and the premiums

---

[2] Here, as in *Barnett*, the question whether the clause is enforceable overlaps with the question of what law should apply to the Policy. *See Barnett*, 831 F.3d at 303–306. The court need only answer: "would application of [British Virgin Island] law contravene a fundamental policy of the state of Texas?" *Id.* at 306.

> and policy (in case it becomes a demand) should be payable without this State, or at the home office of the company or corporation issuing the same.

TEX. INS. CODE art. 21.42. In support of their argument, the plaintiffs cite to decisions of federal courts in this district. (Docket Entry No. 9 at 6). Spheric does not dispute that the contract is payable to a Texas citizen and that it does business in Texas, but argues that article 21.42 does not displace a valid forum-selection clause, even under Texas law. (Docket Entry No. 10 at 5).

The plaintiffs' argument rests on the potential effect of article 21.42 on an otherwise enforceable forum-selection clause. In *In re AIU Ins. Co.*, 148 S.W.3d 109 (Tex. 2004), the Texas Supreme Court granted a writ of mandamus and directed the trial court to dismiss an insurance-coverage case. The insurance contract contained a forum-selection and choice-of-law clause selecting New York law and a New York forum. *Id.* at 111. The insured argued, among other things, that article 21.42 defeated enforcement of the forum-selection clause. *Id.* at 112. The Texas Supreme Court rejected this argument, holding that article 21.42 does not "require[] suit to be brought or maintained in Texas." *Id.* at 114. Unlike this case, the insured in *AIU* does not appear to have argued that there were material differences between the laws of Texas and New York, the selected forum in *AIU,* with respect to the substantive coverage issues.

But even if a plaintiff identifies specific unfavorable aspects of the selected foreign law, the Texas Supreme Court has made clear that article 21.42 and similar provisions of Texas law are not expressions of public policy sufficient to defeat a valid forum-selection and choice-of-law clause. For example, in *In re Lyon Fin. Services, Inc.*, 257 S.W.3d 228 (Tex. 2008) (per curiam), the plaintiff argued that "enforcement of the [Pennsylvania] forum-selection [and choice-of-law] clause would unjustly preclude its day in court because Pennsylvania law[, unlike Texas law,] does not allow a corporation to maintain a cause of action for usury." *Id* at 234. The court held that, "absent a Texas statute requiring suit to be brought in Texas, the existence of Texas statutory law

5

in an area did not establish such Texas public policy as would negate a contractual forum-selection provision." *Id.* (citing *In re AutoNation, Inc.*, 228 S.W.3d 663, 669 (Tex. 2007)). Article 21.42 does not require suit to be brought in Texas.

The plaintiffs cite cases in which federal district courts have applied article 21.42 as a choice-of-law rule. (Docket Entry No. 9 at 5–6 (citing *Prashant P. v. Liberty Life Assurance Co. of Boston*, No. 4:16-CV-1459, 2017 WL 10109450, at *4 (S.D. Tex. Feb. 21, 2017); *In re ATP Oil & Gas Corp.*, 531 B.R. 694, 703 (Bankr. S.D. Tex. 2015); *St. Paul Mercury Ins. Co. v. Lexington Ins. Co.*, 888 F. Supp. 1372, 1379 (S.D. Tex. 1995)). None of these cases concerns the interplay of article 21.42 with a forum-selection clause. And none displaces the holdings of the Texas Supreme Court in *AIU*, *Lyon*, and *AutoNation* on a matter of state law.

Article 21.42 of the Texas Insurance Code is not a basis for the court to reject the parties' selection of British Virgin Island law to govern the Policy or to refuse to enforce the forum-selection clause.

### III.   Conclusion

The motion to continue the initial conference, (Docket Entry No. 15), is denied as moot.

The court grants the motion to dismiss, (Docket Entry No. 5), without prejudice to refiling in the British Virgin Islands.

The court will separately enter an order of dismissal.

SIGNED on January 25, 2023 at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge